**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-23159-LEIBOWITZ**

**CRISTINO ANTONIO LINARES RIVERA**,

*Petitioner,*

*v.*

**WARDEN, KROME SERVICE PROCESSING CENTER,**

*Respondent.*
_______________________________________/

**ORDER**

**THIS CAUSE** comes before the Court upon Petitioner Cristino Antonio Linares Rivera's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") [ECF No. 1], filed on May 4, 2026. Petitioner is currently being detained by Respondent at the Krome Service Processing Center ("Krome") in Miami, Florida. [*Id.* ¶ 2]. Before addressing the merits of the Petition, the Court must determine whether it may properly exercise jurisdiction over this action and whether Respondents are properly named as parties.

It is well-settled that a court has jurisdiction to consider a habeas corpus petition only if the court has jurisdiction over the proper respondent to the petition. *See Campbell v. Wolf*, No. 20-cv-20768, 2020 WL 2109933, at *1 (S.D. Fla. Feb. 26, 2020) (Williams, J.) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is the person who has custody over the petitioner." *Id.* (cleaned up). That is, the proper respondent is the "immediate custodian" of the prisoner with the ability to produce the prisoner's body before the habeas court. *Id.* "A district court acts within its respective jurisdiction within the meaning of § 2241 as long as the custodian can be reached by service of process." *Id.* (alteration adopted) (quoting *Rasul v. Bush*, 542 U.S. 466, 478–79 (2004)).

Petitioner names the Warden of Krome as the Respondent. [ECF No. 1 at 1]. Petitioner is currently detained at Krome. [*Id.* ¶ 2]. Because Krome is located within the Southern District of Florida, the Warden of Krome is amenable to service of process. Accordingly, the Court has jurisdiction over the Petition, and the Warden of Krome is a proper Respondent.

Turning to the merits of the Petition, Petitioner challenges his immigration detention and argues his prolonged detention violates his due process rights, citing *Zadvydas*. [*Id.* at 6–7].

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* The Court cannot say from the face of the application that Petitioner is not entitled to relief.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Respondent shall **SHOW CAUSE** in writing justifying Petitioner's detention and shall produce a copy of the full record of Petitioner's arrest, detention, removal proceedings (including any orders of the administrative law judge already issued), and any other documents necessary for the resolution of the Petition, **no later than May 18, 2026**. *See* 28 U.S.C. § 2243 (stating that a response to an order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed"). Petitioner may, but is not required to, file a reply to Respondent's response **no later than May 21, 2026**.
2. The ***Clerk*** is **DIRECTED** to mail a copy of this Order to Petitioner.

**DONE AND ORDERED** in the Southern District of Florida on May 13, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: Cristino Antonio Linares Rivera, *Pro Se*
A# 025416722
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194